Yes, Your Honor. I've had a discussion with Mr. Bernstein in advance this morning. He did attempt to communicate with me last night, but unfortunately I didn't get a message. What we would propose to the Court is a motion to continue, excuse me, hold the case in advance until there's an en banc decision in Schnellenberger. We both agree that it's going to be crucial to the outcome of this case. And in the event that it's at, depending on the disposition of Schnellenberger, my party would request that the case be re-calendared based on the current briefing, because I think there are substantive issues there that still need to be addressed, and counsel would have the same opportunity if it's decided adversely to him. Let's see whether my colleagues agree on this. We certainly recognize that Schnellenberger is there that's subject to an en banc vote. However, there are exhaustion and other issues that in this case that were we to decide that that was the situation, we'd never get to that issue. We'd never get to anything that Schnellenberger is dealing with. So unless my colleagues disagree, my thought would be, since you're here, we're here, that we go forward with our oral argument. If we decide that Schnellenberger is going to control or is a major factor in our decision, then we would give you opportunity to provide supplemental briefing, and we would deal with it in that way. Because otherwise, it's kind of a waste of your time and our time to re-calendar. Do either of my colleagues feel differently about that? Let's go forward with argument today, unless you start the time again. Yeah, we're going to start the time again, please. Yeah, absolutely. Not that that wasn't interesting. Okay, very good, please, if you will. Do you want to reserve any time? Yes, I'll be reserving two minutes. Two minutes. I represent the Petitioner for Dionisio Lazzaro, and my name is James Todd Bennett. Four issues are in front of the case of the Court today. First is a jurisdictional and ultra-virus aspect of the what took place at the outset of this administrative law proceeding. Secondly is whether this is an aggravated felony under the current posture of law excluding Schnellenberger at this point. And thirdly, whether the decision is supported by substantial evidence as to the withholding and the deferral under Convention Against Torture. And now, as to the jurisdictional issue, there's two wings to this particular problem. First, there's the issue of whether the notice to appear meets mandatory statutory requirements. The second one is whether the immigration judge at this point in history after the Ira-Ira Responsibility Act of 1996 under the then-effect statutory construction can jump off the bench like an old special inquiry officer under the old law and help prosecute the case, amend the NTA, and help the floundering trial attorney out in getting a charge. Do you have any authority that he can't do that? I think the statute's very clear. Under Ira-Ira, I'll refer to it in its acronym for convenience. Under Ira-Ira, they spell out specifically the statutory authority of the judge. The judge does not have the authority to amend. That's reserved in the regulations to what's now the Department of Homeland Security, what was then the Immigration and Naturalization Service. The service, using the phrase in the regulation, can bring an amendment at any time to the com to the to amend the charge. The problem in this case, first of all, under the statutory limitations that are placed on the immigration judge, now spelled out for the first time under Ira-Ira, she can't do that. She's got a specific mandatory requirement for the pleading. The pleading does not specify a particular aggravated felony. And therein lies the problem. When the counsel is asked to amend, he says, sort of echoing Melville's Bartleby the scriber that he would rather not, prefer not to, then asks if there's a motion apparently soliciting Mr. Lozaro to help prosecute himself. When he fails to do anything, the judge then, in the conjunctive, says, well, we'll select, to paraphrase, we'll select M-1 and to make things complete, G. And throughout the proceeding after that point, it's used in the conjunctive. We got two charges attached to one main charge. So we got two of 21 flavors of aggravated felonies attached to the 237 aggravated felony charge. Is it your position your client simply didn't have notice of the charge? Yes. And I think the problem in this case and the problem with this is we're not talking about an Article III or a State criminal court. We're talking about an administrative body. And they can only do what Congress tells them they can do. And they clearly are not authorized to make the amendment, and the service is clearly under the duty to present the charge. But, counsel, did not the immigration judge provide two weeks in which the Petitioner could, with the notice of the amended charge, to prepare and respond? Understood. The problem, and it sounds like nitpicking, but the problem is, is at the outset the statute requires that a specific charge be bought. But it kind of does sound like nitpicking, and that's kind of my point. I mean, was there any prejudice here? The Petitioner certainly had notice of the charge and had notice to prepare for the charge. I think it's a strict pleading requirement. Understand there is a continuance. It's allowed to respond to it after the immigration judge improperly amends the notice to appear. I think it's a simply strict, and under Acardi, it would be a due process violation since he doesn't have to show prejudice. So it's your position that were the notice to appear to contain a typo, would that be fatally defective? I'm sorry, Your Honor. If the notice to appear contained a typo in the designation of the State statute or the INA statute involved, would that be fatally defective? A Scribner's error probably could be amended and interdelineated as long as there was a sufficient charge. But I thought you said the statute doesn't permit amendments. It does after it's filed. It's filed. The problem is at the get-go, it's got to have a charge. I understand that. Well, there was a charge here. And there's we're talking about as a subsection of the same statute, right? No. It's a statute charging your deportable as an aggravated felon. And then there's reference in the definitional sections of the INA at that point in history to aggravated felonies. There's 21 different aggravated felonies. Combing through them, potentially there's four, maybe more, aggravated felonies that it could have been. If he's going to go in and mount a defense, he needs to know what the charge is. And I think that's why Congress, I would submit, that's a logical requirement at the outset, so he knows what the charges are facing against him in removal proceedings. But as Judge Larson mentioned, in this particular case, your client, I don't know whether the record is clear that your client objected to the amendment or not, but whether that happened or not, the fact is the immigration judge gave your client two weeks to prepare based upon the additional information. Do you think that was an insufficient time, or are you just saying that no matter what, if there's a misstatement as to, in this case, you've got a primary section, you're saying that by failing to name the subsection under which this notice to appear was generated, that the pleading is fatally defective? Our position would be it's fatally defective. Okay. And so basically, you go back to square one, and even though your client had the two weeks' notice, you have to start all over again. Exactly. Do you think that's what Congress had in mind? I think that Congress, in enacting the statute, we have to assume they knew what they were doing. And the literal language of the statute, if it's unambiguously clear, we have to accept it under standards of precedent by the Supreme Court. So it's explicit language. It's mandatory. It shall. You shall provide this kind of notice. Well, again, in this case, and I don't mean to over-labor this, but I think this is an important point in this case, the section they cited was correct. The question is whether they had to cite the subsection. I mean, the actual charge was included within what they cited. They didn't cite an incorrect section. For example, they didn't, if we were talking about a crime of robbery versus a crime of a molestation of a child, they didn't cite him for a car robbery instead of molestation of a child. That would be very clear. But in this case, they cited the section, just not the subsection. And then the administrative law judge or the I.J. gave, the immigration judge gave your client two weeks just to be sure that there was no question on this issue. Isn't it nonsensical to believe that Congress intended this to be so, so strict that due process becomes a form and not substance? The problem in this case, again, and I don't want to reiterate too much, I think my position of the Petitioner is pretty firm, is simply the question. Kennedy, if you can answer the question, we're going to let you go back and have two minutes when we're done. Okay. Thank you. Congress made the requirement. The agency has to comply with the statute. I just do not think there's any way around a mandatory requirement under a statute for an administrative agency. What are the statutory words? What does the statute say has to be in the charge? The specific language of the statute in front of me, Your Honor, but the specific language of the statute shall provide, thanks, shall provide under D, D is the controlling section we're talking about, the charges against the alien and the statutory provisions alleged to have been violated, and that's in reference to the mandatory requirements under subsection 1. So that would be 1D, that's the language that would be controlling here. Well, it doesn't really say what level of specificity the notice has to contain, does it? I mean, if the section is named but not the subsection, I don't hear anything in the statute about whether the section has to be named or the subsection has to be named. It's just notice of the charge. Well, then you're relying on a State statute in order to define what the aggravated felony is, and that dovetails into the substantive issue of the motion to terminate. We're getting into an area where you're defining, by incorporating the factual allegation under the charge, I think it's factual allegation 4 of the notice to appear, into your charge of removal, and they're two different animals. There's a subsection C that goes to the offense or what the grounds, the offense from which the removal is based, and then D, which goes to the charge. So if you sit there and simply rely on the State statute, I think that violates the statute also as it could be. And if it's contested whether that's an aggravated felony or not, it leaves the entire issue unclear as to what he's being charged with. Very good. If you want to hold it, I'll give you two minutes on rebuttal when we get back. And my problem is I did want to raise two issues on the withholding claim. I guess I'll move on. Well, you'll have two minutes, and your brief is excellent, so we'll be able to rely on that. The 28J letter. Yeah. Just remember that the 28J letter is not a supplemental brief. It's a 28J letter. Okay? We'll hear from the government. Thank you, Your Honor. Good morning, and may it please the Court. My name is Jeffrey Bernstein, and I represent the Attorney General of the United States. I suppose I'll start with the matter which has been under discussion for the last few minutes. And essentially, the statute is does not require what the Petitioner would have it you believe it requires. It's simply just a notice statute. It does require, you know, the alien be provided with notice of the charges, so obviously he can have an opportunity to defend. It's not analogous to an information or an indictment, is it? Analogous is a — I mean, I've never practiced criminal law, so I'm not so sure that I understand the question, but it is a notice, I mean, in the sense that an indictment or an information is supposed to provide notice. Obviously, it's a criminal matter, so you've got stronger constitutional protections than in the civil matter. But obviously, the notice is supposed to provide notice in order — sufficient to enable the alien to defend himself in the proceedings. The entire notice to appear is the notice which satisfies this provision. I think my opposing counsel said that there was just sections of the notice of appear. But it's the entire notice of — to appear. And this notice to appear, again, advised that, among other things, that he had been committed of the grand theft crime and that that grand — commission of that conviction of that grand theft crime rendered him liable to removal as an aggravated felon. Counsel, what limits would you suggest that there should be on an immigration judge in amending the notice related to the alleged aggravated felony? Well, if I can answer that question in a different way, Your Honor, I mean, amendments have been bandied about by the immigration judge and by the parties. So I don't know what amendment means. I know that the statute and the regulations say that no new charges can be brought without written notice at the hearing, essentially, provided at the hearing by the government. And this wasn't a new charge. This was simply a further — not a further explanation, but a more definite statement. Well, you would certainly concede that without the — if you don't want to use the word amendment — the change in how the charge was described, that there would be — there probably would have been insufficient notice in this case as to exactly what the aggravated felony was. I'm not so sure I would agree — I would concede that, Your Honor, because I think, given the — again, the description of the crime, the aggravated felony section, it is quite easy to go to that section to determine what you're being charged with. Really, only the two sections of the aggravated felony statute, which are itemized in the quote-unquote amendment, and the catch-all conspiracy to commit any of the above, are implicated. So it does, as is, as was originally served, provide sufficient notice. Of course, the immigration judge, again, with the consent of the governor — government, sought to make it specific, bending over backwards to make it as clear as possible, and as the Court has pointed out, giving him several weeks to consider the more — the more definite statement. Given all these matters, it's clear that the statute isn't violated. He was given the notice he was entitled to. He was given full notice and more than sufficient opportunity to prepare. And he, in fact, did prepare. Even if — Did he object, ab initio, to the failure to specify the subsection? Did his counsel object? I believe he did. I believe he did. But the immigration judge said, you know, and I'm paraphrasing, these — these kinds of things happen all the time. Immigration judges have always made more definite statements, made sure that the alien is fully aware of the charges against him. And I'm going to do it here. Was he correct in his statement that it happens all the time? I don't practice in that form. I have to, you know, honor the immigration judge for being an honest immigration judge. So I presume, you know, that he did it and his colleagues did it. So I presume — I mean, he didn't use the words happen all the time. That's my paraphrase. So whichever way we go on this, there's some clarity needed, right? Clarity with respect to what, Your Honor? The rule of law in terms of the ability of an immigration judge to, in some way — and I don't want to use the term as a term of art — amend this type of notice, and if so, under what circumstances and what degree of specificity is required? I don't know that that is sorely needed, Your Honor. I'm not saying that there — I mean, obviously, there is — there is no case law on the matter. And if — but if the I.J. who you have stipulated is honest, was correct, then by definition, a lot of people, a lot of I.J.'s are doing this. So if they're doing it incorrectly, they need to know if they're doing it correctly. They need to have some law that provides that they are doing it correctly. Yes, Your Honor. And obviously, the government submits that they are doing it correctly because there is no provision of the statute of the regulations which precludes making a more significant amendment of the government, because the government obviously brings the charges. Counsel, I guess I'm troubled with your sense that as long as the Petitioner can figure it out by consulting the statute and looking up the allegations, that somehow that's sufficient notice. I would think that, given the clear language of the statute, that more specificity is required. And I'm not suggesting that I'm convinced that what happened here was improper, but I am troubled by the notion that what the starting point here was sufficient. Well, I think you really do have to take it on a case-by-case basis. I'm sure that there are circumstances where notice would not be sufficient. And this fact pattern may be on the edge. I don't know. I mean, it seems plain to me that the notice as written was sufficient. And I think that's what we're trying to do here, is to provide him with notice. And in any event, again, even if there was a violation of the statute, even if the notice did violate the statute, which we don't believe it did, but even if it did, that obviously would give rise to a due process argument and violation, potential violation. And as the Court has held, and as the Board noted and decided, prejudice is required. And as the Court has observed, he was given plenty of notice of what he was faced with and plenty of time to respond to those charges and suffered no prejudice. So we would respectfully request that the Court affirm that component of the Board's decision. If there are no further questions on that issue, I guess I'd like briefly to talk about the withholding of removal claim. We believe that that is supported by substantial evidence, and there's no evidence compelling a contrary result. This individual alleged that he feared being harmed or murdered by his co-conspirator who had escaped to the Philippines. As the Board noted, that is a personal matter and certainly does not amount to any threat of persecution or well-founded fear of persecution on account of any of the five statutory factors. That being the case, the Board certainly properly and its decision is supported by substantial evidence that the Petitioner did not satisfy either his or his co-conspirator's burden of proving eligibility for withholding of removal or torture convention protection. The Board noted that the Petitioner did not identify any that he would suffer experience persecution by any government entity or an entity that the government could not or would not control. Therefore, that is certainly sufficient to establish that the Petitioner did not meet his burden of proving torture convention relief, which requires not only torture, which wasn't established, but requires that such torture be committed by, under this Court's case law, by the government or an entity or individuals that the government cannot or would not control. And as the Board noted, the Filipino police did take a report from the Petitioner's wife and said, well, this individual doesn't appear to be in the country at this point, so there's no threat, so we don't need to do anything now. But if he returns to the Philippines, come tell us or we'll find out and we'll do an investigation. And again, that's a paraphrase. I don't know the extent to which you'd like me to talk about the aggravated felony Schnellenberger issue. I think in this instance, counsel, you and Mr. Bennett should assume that to the degree we want to deal with the Schnellenberger-type issues, we will ask you to supplement your briefs and deal with it on that basis. Very good. Thank you, Your Honor. Okay. Mr. Bennett, do you want to use your remaining two minutes or minute and 50 seconds? Let's give him two minutes, okay? Thank you very much. In response to the issue of jurisdiction, the Immigration Services Regulation says that omissions of pleading requirements are don't create substantive and procedural rights in the alien. However, they do not include the issue of bringing the charge. It's a much more limited, circumscribed number of issues that they include that. They could have included the issue of notice, but they did not. So I would submit that even the service, by its own regulations, is admitting that this is a mandatory requirement. That would be under the regulation cited in the brief. Secondly, the immigration judge does the amending here, and that I don't want to have lost sight of, the fact this is not the service doing the amending. This is the immigration judge. This is the immigration judge's service after it's amended, after the judge does her amendment, then says, okay, that's fine. So turning to the withholding issue, it's a credibility issue. It goes to substantial evidence as the standard. My first the first problem with this decision is that the judge gets the facts wrong. She assumes that Lazaro's investigated Second Navidad first. The interviews in the record show that the Lazaro was interviewed first, then Navidad. Now ---- Kennedy, even if we accept your version, what protected ground under the Refugee Act do you have? It sounds like he may be in danger from somebody that was involved in crime here, but it doesn't ---- Imputed political opinion insofar as, based on the testimony, the family is a very powerful family in the Philippines for Mr. Navidad. The imputed political opinion is I'm opposed to you. I'm going to go ahead and, you know, talk to the government about the United States or California, the State of California government. Yeah, but the question is why are they opposed to him? They're not opposed to him because he's a Democrat or a Republican or a communist or anything else. They're mad because he testified. No specific political grounds, Your Honor. Just the imputed relationship, but also social group. I believe social group also fits the criteria here. And just briefly, if I could touch on three last issues. Well, actually, no. We appreciate your presentation this morning. We will let you know once we conference whether we're going to defer until Snellenberger has been decided. And we'll ask for any additional information that we need. We appreciate your briefs. The case of Lazaro v. McKayse is submitted. And while the next case is coming up, I'm going to go get my reading glasses. So to that degree, we're in recess. But come on up and we'll start the second hearing. Court is standing at recess. I'll just wait for his glasses. Thank you, Your Honor.
judges: Canby, M. Smith, Larson